**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00302-MR
[CRIMINAL CASE NO. 1:16-cr-00051-MR-WCM-2]**

| | |
|---|---|
| SAMUEL ZUNIGA MEDINA, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [Doc. 1].

**I.    BACKGROUND**

Petitioner Samuel Zuniga Medina entered into a written plea agreement with the Government and pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. [Crim. Case No. 1:16-cr-00051-MR-WCM-2 ("CR"), Doc. 113 at 4-15: Presentence Report (hereinafter "PSR")]. In exchange for Petitioner's plea, the Government agreed, among other things, to move to dismiss seven additional charges of possession with intent to distribute methamphetamine, for which Petitioner had been indicted. [CR Doc. 14:

Indictment; CR Doc. 89: Plea Agreement]. The Government also agreed to move to dismiss an additional charge of possession of a firearm in furtherance of a drug-trafficking crime, which carries a consecutive mandatory minimum prison term of five years. See 18 U.S.C. § 924(c)(1)(A)(i).

The plea agreement states that Petitioner discussed with his attorney "defendant's rights pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255, and similar authorities to contest a conviction and/or sentence through an appeal or post-conviction [action] after entering into a plea agreement." [CR Doc. 89 at 4-5]. In exchange for the concessions made by the Government in the Plea Agreement, Petitioner expressly agreed to waive all such rights to appeal or collaterally attack his conviction "except for claims of: (1) ineffective assistance of counsel or (2) prosecutorial misconduct." [Id.].

The Magistrate Judge accepted Petitioner's guilty plea after conducting the plea colloquy required by Federal Rule of Criminal Procedure 11. [CR Doc. 93: Acceptance and Entry of Guilty Plea]. Petitioner was represented by counsel and placed under oath. [Id. at 1]. The Court described the elements of the offense and the applicable penalties, and Petitioner affirmed that he understood them. [See id. at 3-4]. Petitioner affirmed that he was, in fact, guilty of the offense to which he was pleading guilty. [Id. at 6]. He

2

told the Court that he understood that his plea agreement waived his right to contest his conviction in a post-conviction proceeding. [Id. at 7-8]. He represented that he had "ample time" to discuss with his attorney "any possible defenses" that he may have to the charges and told him "everything that [he] want[ed his] attorney to know about [the] case." [Id. at 8]. He also affirmed that he was "entirely satisfied with the services of [his] attorney." [Id.]. The Magistrate Judge found that the plea was knowingly and voluntarily made and accepted it. [Id. at 9].

The probation officer prepared a presentence report (PSR), which determined, among other things, that Petitioner was responsible for 29.3 grams of a mixture or substance containing methamphetamine plus 448.7 grams of actual methamphetamine. [CR Doc. 113 at 15-17]. The PSR noted that Petitioner's attorney did not file any objections, [id. at 26], and Petitioner's attorney confirmed on the record during the sentencing hearing that he had not filed any departure motions or sentencing memoranda, and that there were no issues regarding the PSR that needed to be resolved. [CR Doc. 134 at 3, 9: Sentencing Tr.]. Petitioner saw a copy of the presentence report before he was sentenced. [Id. at 8]. He told this Court at sentencing that he had an opportunity to review it with his attorney and that he understood the contents of the report. [Id.]. Petitioner's attorney

confirmed that he had an opportunity to review the report with Petitioner and told the Court he was satisfied that Petitioner understood its contents. [Id.].

Before sentencing Petitioner, this Court reviewed the plea colloquy conducted by the Magistrate Judge. [Id. at 4-8]. Petitioner confirmed that the answers he gave during the plea colloquy were true and correct. [Id. at 4-5]. He then affirmed that his answers would be the same if he were asked the same plea-colloquy questions again on the day of his sentencing. [Id.]. Asked if it was "still [his] plea to plead guilty in this matter," Petitioner replied, "Yes, sir." [Id. at 6-7]. This Court confirmed the findings of the Magistrate Judge during the plea colloquy and reaffirmed the Court's acceptance of his guilty plea. [Id. at 7-8]. The Court adopted the PSR, including its conclusion that Petitioner had earned a three-level reduction for acceptance of responsibility. [CR Doc. 126 at 1: Statement of Reasons; CR Doc. 113 at 17].

Although Petitioner's attorney advocated for a lower sentence, this Court sentenced Petitioner to a term of imprisonment of 188 months, within the 168 to 210-month advisory range as calculated pursuant to the United States Sentencing Guidelines. [Id. at 9, 10-18, 25]. The Fourth Circuit dismissed Petitioner's appeal on October 11, 2017. [CR Doc. 136]. In

October 2018, Petitioner filed his timely 2255 motion before this Court. [Doc. 1]. The Government filed its response on January 7, 2019. [Doc. 3].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner presents two claims in his motion. First, he contends that he received ineffective assistance of counsel. Second, he claims that he was deprived of due process during the period of pretrial detention. The Court will address each of these claims in turn.

### A. Petitioner's Ineffective Assistance of Counsel Claim

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective

assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).

Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Finally, to demonstrate prejudice in the context of a guilty plea, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). In evaluating such a claim,

statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. at 73-74. Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d at 221-22.

Petitioner first contends that the actions of his attorney was constitutionally deficient in failing to file objections to his PSR. This claim is without merit. First, Petitioner has not alleged facts that would establish his attorney's performance was in any way deficient by not filing objections to the conclusions in his PSR. A "mere objection" would not have offered Petitioner any assistance. United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). A defendant challenging a presentence report "has an affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate." Id.; accord United States v. Collins, 721 F. App'x 261, 262 (4th Cir. 2018). Petitioner does not allege any facts indicating that his attorney had any basis for making such a showing. Moreover, filing a weak

objection would have presented a significant risk for Petitioner. If this Court were to conclude that Petitioner had "frivolously contest[ed] relevant conduct that the court determine[d] to be true," he could have lost the favorable adjustment he received for acceptance of responsibility. U.S.S.G. § 3E1.1 cmt. n.1(A).

Petitioner's attorney's decision not to pursue any objections was well within the bounds of professional reasonableness. Not only could a "competent attorney" conclude that an objection "would have failed," Premo v. Moore, 562 U.S. 115, 124 (2011), the record reflects that Petitioner represented to the Court that he was fully satisfied with his attorney's strategy. After Petitioner had reviewed the PSR, which noted that no objections had been filed, and after his attorney had stated on the record that he had not filed any sentencing memoranda or departure motions, Petitioner represented that he remained satisfied with his attorney. He told this Court that he would have answered his plea-colloquy questions, including the question confirming his satisfaction with his attorney, the same way if asked again the day of his sentencing.

Moreover, Petitioner cannot establish prejudice. He has not alleged facts demonstrating a reasonable probability that he would have successfully made the showing required to support an objection. Terry, 916 F.2d at 162.

8

The central point of Petitioner's argument is that his attorney should have objected to the drug quantities, having reserved the right to do so in the agreement to the factual basis in the plea. [CR Doc. 90 at 13 n.3]. For such an objection to have made any difference in the calculation of the Guidelines range, however, Petitioner would have to have demonstrated that less than 150 grams of the 448.7 grams of actual methamphetamine involved were actually attributable to Petitioner. Petitioner has not explained how this might have been possible. More importantly, if faced with objections, the Government would likely have presented evidence at the sentencing hearing to establish any disputed facts, as shown by the detailed account of the offense conduct and drug quantities set out in the PSR and the factual basis document. [CR Docs. 90, 113]. Petitioner has not alleged anything demonstrating a reasonable probability that the Government would not have successfully established those facts. Accordingly, no reasonable probability exists that Petitioner would have received a more favorable sentence if his attorney had filed objections. Strickland, 466 U.S. at 694.

Second, Petitioner contends that his counsel was ineffective in failing to file a motion to suppress evidence obtained during a traffic stop. Petitioner, however, cannot obtain relief on this claim. At the outset, independently of the written waiver in his plea agreement, Petitioner's guilty

9

plea "by itself" forecloses any challenge to alleged misconduct by his attorney before and unrelated to the voluntariness of his guilty plea. See Hunter v. United States, No. 3:12-CR-239, 2016 WL 2888608, at *3 (W.D.N.C. May 13, 2016). "When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010).

Even if Petitioner's guilty plea did not foreclose any challenge to counsel's failure to file a motion to suppress, he has not alleged facts that would tend to show that "no competent attorney would think a motion to suppress would have failed." Premo, 562 U.S. at 124. The undisputed presentence report states that the search of the vehicle in which Petitioner was a passenger was based on "probable cause," and that the stop followed a controlled purchase of methamphetamine from Petitioner. [CR Doc. 113 at 6-7]. Petitioner's attorney could well have examined the information available to him, including discovery information disclosed by the Government, and made a reasonable judgment that a motion to suppress was not worth pursuing. See, e.g., Arizona v. Gant, 556 U.S. 332, 347 (2009) ("If there is probable cause to believe a vehicle contains evidence of criminal activity, United States v. Ross, 456 U.S. 798, 820-21 (1982), authorizes a search of any area of the vehicle in which the evidence might be found.");

Rakas v. Illinois, 439 U.S. 128, 149 (1978) (holding that vehicle passengers lacked a legitimate expectation of privacy in areas of a vehicle searched by police).

Again, Petitioner cannot establish prejudice. He has not alleged facts establishing a reasonable probability that he would have prevailed on a motion to suppress and — more importantly — that "he would not have pleaded guilty and would have insisted on going to trial." Lee v. United States, 137 S. Ct. 1958, 1964 (2017). Petitioner has not even alleged "subjectively that he would have gone to trial." United States v. Santiago, 632 F. App'x 769, 773 (4th Cir. 2015) (unpublished decision) (citing United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012)). Nor does he offer any explanation for how a motion to suppress would have made going to trial instead of entering his favorable plea agreement "objectively reasonable." He alleges that his attorney should have moved to suppress only the fruits of a search following a traffic stop on March 1, 2016. [Doc. 1 at 5]. The presence report, however, describes an overwhelming amount of additional evidence recovered on other occasions, that likely would have supported convictions for many of the charges that were dismissed as part of Petitioner's plea agreement. [CR Doc. 113 at 15]. Moreover, contrary to what Petitioner suggests, even a successful motion to suppress would not

have reduced his offense level under the Sentencing Guidelines. See United States v. Nichols, 438 F.3d 437, 441 (4th Cir. 2006) ("[C]ourts imposing sentences under the Guidelines may generally consider evidence obtained in violation of the Fourth Amendment.").

In sum, for the reasons stated herein, Petitioner's ineffective assistance of counsel claim is denied and dismissed.

### B. Petitioner's Due Process Claim

Petitioner next argues that his placement in "Disciplinary Segregation" during his pretrial detention constitutes a due process violation that entitles him to relief from his conviction or the federal sentence that he is currently serving.

This claim is without merit. First, the conditions of his confinement have no bearing on the propriety of the conviction or sentence imposed by this Court and may not be challenged in a motion under 28 U.S.C. § 2255. See Jaske v. Hanks, 27 F. App'x 622, 623 (7th Cir. 2001); Daker v. McLaughlin, No. 518CV00171MTTCHW, 2018 WL 3463271, at *1 (M.D. Ga. July 18, 2018). Second, to the extent any alleged misconduct by prison officials was "case related," Petitioner's "valid guilty plea" would render it "irrelevant" to his conviction or sentence and preclude him from challenging it after the plea. Class v. United States, 138 S. Ct. 798, 805 (2018). Third,

to the extent the issue could be considered relevant to Petitioner's conviction or sentence, he was required to raise it during his criminal case and on direct appeal. Bousley v. United States, 523 U.S. 614, 621 (1998). The issue is barred by his procedural default. Id. In sum, this second claim by Petitioner is denied and dismissed.

## IV. CONCLUSION

For the reasons stated herein, the Court denies and dismisses the motion to vacate.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.   Signed: February 14, 2019

Martin Reidinger
United States District Judge