# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00302-MR
# CRIMINAL CASE NO. 1:16-cr-00051-MR-WCM-2

| | |
|---|---|
| SAMUEL ZUNIGA MEDINA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's "Motion to Reconsider Entry of Judgment, and Objections Pursuant to Fed. R. Civ. P. 52(b), and 59(e), and Motions for Issuance of Certificate of Appealability [Doc. 11].

The Petitioner, who is proceeding *pro se*, moves for reconsideration of the Order denying his motion to vacate filed pursuant to 28 U.S.C. § 2255. [Doc. 11]. For grounds, the Petitioner argues that the Court failed to address all the issues presented with respect to his ineffective assistance of counsel claim and further misconstrued his argument with respect to his due process claim. [Id. at 2].

The Court may grant a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure only in the following circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)).  A Rule 59(e) motion cannot be used to "rehash" arguments previously presented or to submit evidence which should have been previously submitted.  Moore v. United States, No. CIV.A. 2:05CV244, 2006 WL 763656, at *1 (E.D. Va. Mar. 23, 2006).  Similarly, a petitioner cannot assert new arguments for relief in a Rule 59(e) motion, as allowing such arguments would effectively "evade the bar against . . . litigation of claims not presented in a prior application." United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)); see 28 U.S.C. § 2255(h) ("A second or successive motion must be certified ... by a panel of the appropriate court of appeals….").

Here, the Petitioner fails to demonstrate any intervening change in law, any new evidence not previously available, or any clear error of law or manifest injustice that would warrant reconsideration of the Court's judgment.  Rather, he seeks to rehash the same arguments which were

previously presented and advance new arguments that are barred as successive claims under 28 U.S.C. § 2255. For all these reasons, the Petitioner's Motion for Reconsideration is denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Reconsideration [Doc. 11] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.   Signed: May 6, 2019

Martin Reidinger
United States District Judge